JAMES BENVENGO, Respondent, v. MARIA BARBELLO, Appellant, Impleaded with GARMARIE BARMANGO and Others, Defendants.

Second Department, July 1, 1927.

**Deeds — deed by tenants in common to father, tenant by curtesy — no evidence to support finding that deed was given under oral agreement to return property to grantors — grant by father to one child is valid.**

The father of the parties held a life interest in certain real property as tenant by curtesy. The parties to this action were tenants in common in the remainder. The contention that a conveyance by the parties to the father was under an agreement that the father would simply hold the property for his life, would not incumber or dispose of it, and that upon his death he would by will or otherwise retransfer the property to the grantors, is contrary to the evidence in the case. Accordingly, a conveyance by the father to one of the parties to this action, voluntarily made, was valid, and the finding that it was fraudulently procured by the grantee is not supported by the evidence.

APPEAL by the defendant, Maria Barbello, from a judgment of the Supreme Court in favor of the plaintiff and certain of the defendants, entered in the office of the clerk of the county of Kings on the 17th day of December, 1926, upon the decision of the court rendered after a trial at the Kings Special Term.

The judgment decrees that plaintiff, his brother, Garmarie Barmango, also known as Benvengo, and his sister, Antonia Calandriello, are tenants in common with the defendant, appellant, who is also a sister of the parties, in a house and lot on Adelphi street, in the borough of Brooklyn, and that the defendant, appellant, holds title to the premises as trustee for herself and her brothers and sisters, each of the parties being decreed to be an owner of an individual one-fourth interest in the premises.

*Nicholas Bucci* [*Vincent Tanzola* with him on the brief], for the appellant.

*Samuel L. Orlinger*, for the respondent.

PER CURIAM. The findings of the Special Term that the deceased father of the parties orally agreed that, notwithstanding the ·deed to him conveyed the title to the property in fee, he would simply hold the property for life, that he would not incumber it or dispose

of it, and that on his death he would by will or otherwise retransfer the property to his children, the grantors, are contrary to the evidence. Without discussing the validity of such alleged oral agreement, there is no evidence of any such agreement on his part, oral or otherwise. The finding that the children executed the deed to him on the faith of such an agreement, or under an oral understanding that they were to share the property equally upon the death of the father, is also contrary to the evidence. At the date of the deed the father was the owner of a life estate in the property as tenant by the curtesy. On his death the title would vest in the four children. They voluntarily conveyed their interest in remainder to him, and it is now asserted that by oral agreement, upon which they relied, he was to reinvest them with the title on his death. The alleged oral agreement of the father and the children is opposed to reason. The lawyer who drew the deed and superintended its execution, called as a witness by plaintiff, was not questioned as to the existence of any such anomalous agreement by the grantee. The evidence that the children made any such oral agreement between themselves comes from interested parties and is extremely indefinite and unsatisfactory. Without an agreement by the father, the grantee, such agreement would in any case be nugatory and unenforcible. The allegation in the complaint that the appellant, nine years thereafter, fraudulently procured her father to convey the property to her, and the finding to that effect, are also unsupported by the evidence. The testimony of D'Agrosa, the lawyer who drew the deed, and Borgia, the friend of the deceased father, negatives such finding. We are of opinion that the judgment depriving the appellant of her property is wrong, and that it should be reversed and judgment directed in favor of the defendant, appellant.

The judgment, in so far as appealed from, should be reversed upon the law and the facts, with costs to appellant, and judgment directed for defendants Maria Barbello and John Borgia dismissing the complaint, with costs to appellant Maria Barbello. Findings of fact made at Special Term contrary to this decision are reversed, also the conclusion of law of the trial justice. The findings of fact and conclusions of law requested by the appellant Maria Barbello and defendant Borgia are found by this court, with the exception of findings numbered 26th, 27th, 30th.

KELLY, P. J., MANNING, YOUNG, KAPPER and LAZANSKY, JJ., concur.

Judgment in so far as appealed from reversed as directed in opinion. Settle order on notice.